IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

Case No.:    4:07cv454- spm/wcs

This Document relates to:

Plaintiff 1, Betty Eutsey, an individual;
Plaintiff 2, Paula Griggs, an individual;
Plaintiff 3, Larry Perkins, an individual;

Plaintiffs,

vs.

**PHARMACIA CORPORATION**,
(hereinafter "PHARMACIA")
**G.D. SEARLE AND CO.,**
(hereinafter "SEARLE") a subsidiary of
PHARMACIA,
**MONSANTO COMPANY**,
(hereinafter "Monsanto"), parent
Company of PHARMACIA,
**PFIZER, INC.,**
(hereinafter "PFIZER"), and fictitious
Defendants A, B, C and D
Being those persons, firms or corporations
whose actions, inactions, fraudulent
suppression, fraud, scheme to defraud
and/or other wrongful conduct caused or
contributed to the Plaintiff's injuries and
damages, and whose true names and
identities are presently unknown to the
Plaintiff but will be substituted by
Amendment when ascertained,

Defendants.

_____/

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW, Plaintiffs, Betty Eutsey, Paula Griggs, and Sharon Perkins by and

through their undersigned counsel and hereby institutes this action against Defendants and

alleges as follows:

## PARTIES

1. Plaintiff, Betty Eutsey, ("Eutsey"), is an adult resident of Florida.

2. Plaintiff, Paula Griggs, ("Griggs"), is an adult resident of Alabama.

3. Plaintiff, Larry Perkins, ("Perkins"), is an adult resident of Florida.

4. Defendant, Pfizer, Inc. ("Pfizer"), is a foreign corporation organized and existing under and by virtue of the laws of State of Delaware, registered to do business in the State of Florida with registered agent located at 1200 S. Pine Island road, Plantation, Florida 33324.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.SC. § 1332. There is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

6. This Court has personal and subject matter jurisdiction over all parties as Defendants have done business in the State of Florida, either directly or by agent and have availed themselves of this jurisdiction and Plaintiffs reside in this jurisdiction.

7. At all times material, Pfizer, caused to be placed in the stream of commerce the prescription drug known as Bextra.

## FACTUAL ALLEGATIONS

8. Plaintiffs were prescribed and used the prescription medication BEXTRA (Valdecoxib). This action seeks monetary damages for personal injuries.

2

9. Bextra is the brand name of Valdecoxib, a COX-2 inhibitor, which purportedly reduces inflammation and pain associated with osteoarthritis, rheumatoid arthritis and primary dysmenorrheal.

10. Bextra was approved by the Food and Drug Administration (hereinafter referred to as "the FDA") in November 2001 for treatment of osteoarthritis, rheumatoid arthritis and primary dysmenorrheal.

11. At all times material, Bextra Defendants were in the business of developing, manufacturing, selling, distributing, labeling, marketing and/or promoting Bextra for consumer use by prescription. Bextra Defendants did develop, manufacture, design, package, market, sell and distribute Bextra in the State of Florida at all times relevant to this action.

12. This action arises out of Bextra Defendants' manufacturing, selling, distributing, marketing, and/or otherwise promoting Bextra in the State of Florida without proper warnings as to the dangers associated with its use.

13. The pharmaceutical drug Bextra, manufactured by Bextra Defendants, is defective, dangerous to human health, and was unfit and unsuitable to be marketed and sold in commerce.

14. The cardiac problems associated with COX-2 inhibitors, such as Bextra, have been documented since at least 2000. For example, a study published in the August 29, 2000 edition of Proceedings of the National Academy of Science entitled Cyclooxyganase-2 Mediates the Cardioprotective Effects of the Late Phase of Ischemic Preconditioning in Conscious Rabbits, by Dr. Ken Shinmura et al., determined blocked cardioproctective enzymes and thus increased the risk of heart attacks and strokes. These findings were

further supported by an article that appeared in the August 14, 2001 issue of Circulation entitled <u>Selective Cyclooxygenase-2 Inhibition on Vascular Response and Thrombosis in Canine Coronary Arteries,</u> by Dr. James K. Hennan et al., concluding that there were significant "concerns regarding an increased risk of adverse vascular events in patients receiving COX-2 inhibitors." A third study, entitled <u>Risk of cardiovascular Events Associated with Selective COX-2 Inhibitors,</u> by Dr. Debabrata Mukherjee et al., published in the August 22/29, 2001 edition of the Journal of the American Medical Association, also found that the "[c]urrent data would suggest that the use of selective COX-2 inhibitors , might lead to increased cardiovascular events."

15. Despite having clinical data in its possession, including but not limited to the studies identified above, indicating that the ingestion of Bextra represented an increases risk of cardiovascular injury, Defendant represented to consumers, their physicians, and Plaintiffs that Bextra was safe and effective.

16. Defendant sold Bextra by misleading users about the product and by failing to adequately warn the users of the potential serious dangers which Defendant knew or should have known might result from consuming its product.  Defendant widely had successfully marketed Bextra throughout the United States by, among other things, conducting promotional campaigns which misrepresented the efficacy of Bextra in order to induce widespread use and campaigns which misrepresentations by means of media advertisements, and statements contained in the literature provided to Plaintiff's prescribing physician.

17. On October 15, 2004, Defendant announced its own studies that demonstrated that the occurrence of strokes and heart attacks among Bextra users was more than double that of

individuals given placebo.

18. On April 7, 2005, the FDA ordered Defendant to recall Bextra due to the significant cardiovascular risks.

19. As a result of ingesting the products manufactured, supplied, and/or sold by Defendant, Plaintiff's were prescribed and ingested Bextra and suffered significant harm.

20. As a direct and proximate result of Defendant's negligence as further described herein, Plaintiff's sustained profound physical injury and economic loss in an amount as yet unascertained.

21. At all times material hereto, Bextra Defendants actually knew of the defective nature of their product as herein set forth, yet continued to design, manufacture, market, distribute, and sell their product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by this product. Defendants' conduct exhibits such an entire want of care as to establish that their actions were as a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the Plaintiff's individual rights, and hence punitive damages are appropriate.

22. The Bextra taken by Plaintiffs was manufactured, marketed, distributed, and/or sold by Bextra Defendants and included samples that were given to Plaintiff's physicians by a sales representative of the Defendants.

23. Plaintiff's used Bextra as prescribed and in a foreseeable manner.

24. Plaintiff's ingested Bextra that was in a condition substantially identical to the condition in which it was manufactured and sold.

25. Had plaintiffs known the risks and dangers associated with Defendant's product Bextra,

or had Defendant disclosed such information to Plaintiffs and their physicians, Plaintiffs would not have taken Defendant's product Bextra and would not have suffered their Bextra-related injuries.

26. As a direct and proximate result of the defective condition of the Bextra manufactured and marketed by the Bextra Defendants and ingested by Plaintiffs, Plaintiffs have suffered and continues to suffer from serious injuries, including, but not limited to pain and suffering, physical injuries, disability, disfigurement, embarrassment, mental anguish, loss of capacity for the enjoyment of life, and a shortened life span.

<u>COUNT I</u>
<u>STRICT LIABILITY</u>

27. Plaintiff incorporates and adopts by reference all of the facts in paragraphs 1-26 above, each inclusive, as though fully set forth herein, pursuant to Rule 1.130(b), Florida Rules of Civil Procedure and further allege as follows:

28. Defendants are manufacturers and/or suppliers of the pharmaceutical drug Bextra.

29. The pharmaceutical drug Bextra manufactured and/or supplied by Defendant was unaccompanied by proper warnings regarding all possible adverse effects; the warnings given did not accurately reflect the symptoms or scope of severity of the side effects.

30. Defendant failed to perform adequate testing in the adequate testing would have shown that the pharmaceutical drug Bextra possessed serious potential side effects with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made.

31. Plaintiffs used the drug for its intended purpose of pain management.

32. Plaintiff's prescribing physicians did not have substantially the same knowledge as the

6

Bextra Defendants, or the amount of knowledge that would have been gleaned from adequate warnings from the Bextra Defendants.

33. The pharmaceutical drug Bextra manufactured and/or supplied by Defendants was defective due to inadequate post-marketing warning or instruction because, after the manufacturer knew or should have known of the risk of injury from Bextra, it failed to provide adequate warnings to users or consumers of the product and continued to aggressively promote the product.

34. The warnings that were given by the Bextra Defendants to prescribing physicians, consumers, and Plaintiffs were inaccurate, unclear and/or ambiguous.

35. The Bextra Defendants had a continuing duty to warn the Plaintiffs, consumers and prescribing physicians of the dangerous risks and reactions associated with Bextra.

36. Plaintiffs could not have discovered any defect in the product through the exercise of care.

37. As the proximate cause and direct legal result of the defective condition of Bextra as manufactured and/or supplied by Defendant, and as a direct and legal result of the negligence, carelessness, other wrongdoing and action(s) of Defendants described here:

   a. Plaintiffs have been injured in health, strength and activity and suffered injuries to body and mind, the exact nature and extent of which are not known at this time; and

   b. Plaintiffs have sustained economic loss, including loss of earnings and diminution or loss of earning capacity, the exact amount of which is presently unknown.

**WHEREFORE**, Plaintiffs demand judgment against the Bextra Defendants for damages as well as costs of this action and a trial by jury of all issues to be tried.

## COUNT II
## NEGLIGENCE

38. Plaintiff incorporates and adopts by reference all of the facts in paragraphs 1-37 above, each inclusive, as though fully set forth herein, pursuant to Rule 1.130(b), Florida Rules of Civil Procedure and further allege as follows:

39. Defendant had a duty to exercise reasonable care in the manufacture, sale and/or assure that the product did not cause users to suffer from unreasonable, dangerous side effects. Defendant failed to exercise ordinary care in the manufacture, sale, testing, quality assurance, quality control, and/or distribution of the pharmaceutical drug Bextra created a high risk of unreasonable, dangerous side effects.

40. The Bextra Defendants were negligent in its actions, misrepresentations, and omissions toward plaintiffs and Plaintiff's prescribing physicians in the following ways:

    a.  The failed to include adequate warnings with the drug that would have alerted consumers and physicians to the potential risks and serious side effects of Bextra;

    b.  Failed to adequately and properly test Bextra before placing the drug on the market;

    c.  Failed to provide adequate post-marketing warnings or instructions after the Bextra Defendants knew of the significant risks of personal injury and death as identified herein associated with the use of Bextra;

    d.  Failed to adequately warn Plaintiffs that Bextra should not be used in conjunction with any risk factors for these adverse effects;

    e.  Failed to adequately disclose and warn Plaintiffs that Plaintiffs undertook the risk of adverse events and death by ingesting Bextra; and

    f.  Failed to adequately and timely inform the health care industry of the risk of

serious personal injury and death from Bextra ingestion as described therein.

41. The Bextra Defendants knew or should have known that Bextra caused unreasonably dangerous risks and serious side effects of which Plaintiff's, Plaintiff's prescribing physicians, and the consuming public was unaware. The Bextra Defendants nevertheless, advertised, marketed, promoted, sold and distributed Bextra knowing that there were safer methods and products for treatment of pain due to inflammation.

42. Defendants' negligence was a proximate cause of Plaintiff's injuries, harm and economic loss which they suffered and will continue to suffer as previously described.

43. As a direct and legal result of the negligence of the Bextra Defendants, Plaintiffs suffered serious injury, and Plaintiffs seek all damages allowed under law.

    **WHEREFORE**, Plaintiffs demand judgment against the Bextra Defendants for damages, as well as costs of this action and a trial by jury of all issues to be tried.

## COUNT III
## NEGLIGENT MISREPRESENTATION

44. Plaintiff incorporates and adopts by reference all of the facts in paragraphs 1-43 above, each inclusive, as though fully set forth herein, pursuant to Rule 1.130(b), Florida Rules of Civil Procedure and further allege as follows:

45. The Bextra Defendants negligently misrepresented to Plaintiff's, Plaintiff's prescribing physicians, and the consuming public the safety and effectiveness of Bextra and/or negligently misrepresented material information regarding Bextra and/or negligently misrepresented adverse information regarding the safety and effectiveness of Bextra.

46. The Bextra Defendants' negligent misrepresentations were communicated to Plaintiffs and to Plaintiff's prescribing physicians with the intent that they reach the Plaintiff, and

that the effect of such representations would be that prescriptions would be written for Bextra for consuming public, including Plaintiffs.

47. The Bextra Defendants misrepresented safety information regarding Bextra with the intention and specific desire that Plaintiffs, Plaintiff's prescribing physicians, and the consuming public would rely on such information in selecting, requesting, or prescribing treatment.

48. The Bextra Defendants made these misrepresentations and actively concealed adverse information at a time when the Bextra Defendants knew, or should have known, that Bextra had defects, serious side effects, dangers, and characteristics that were other than what the Bextra Defendants had represented to prescribing doctors or other dispensing entities, the FDA and the consuming public, including the Plaintiffs herein.

49. The misrepresentations of the Bextra Defendants were perpetuated directly and/or indirectly by Bextra Defendants' employees, agents and/or other detail persons.

50. The misrepresentations of the Bextra Defendants constitute a continuing tort.

51. Through the Bextra product inserts, promotional materials, manipulation of science and the media, and aggressive marketing, the Bextra Defendants continued to misrepresent the potential risks and benefits associated with Bextra both before and after Plaintiffs ingested the drug.

52. The Bextra Defendants had a post-sale duty to warn Plaintiffs, the consuming public, and prescribing physicians about the potential risks and complications associated with Bextra in a timely manner.

53. The Bextra Defendants misrepresented the safety and efficiency of Bextra in their labeling, advertising, product inserts, promotional materials, or other marketing efforts.

54. Plaintiffs, Plaintiff's prescribing physicians, other dispensing entities, and the consuming public justifiably relied on and/or was induced by the misrepresentations of the Bextra Defendants to the detriment of the Plaintiffs.

55. As a direct and legal result of the negligent misrepresentation of the Bextra Defendants, Plaintiffs have suffered serious injuries.

WHEREFORE, Plaintiffs demand judgment against Bextra Defendants for damages, as well as all costs of this action and a trial by jury of all issues to be tried.

## COUNT IV
## FRAUD

56. Plaintiff incorporates and adopts by reference all of the facts in paragraphs 1-55 above, each inclusive, as though fully set forth herein, pursuant to Rule 1.130(b), Florida Rules of Civil Procedure and further allege as follows:

57. The Bextra Defendants fraudulently or intentionally misrepresented to Plaintiff's, Plaintiff's prescribing physicians, and consumers, the safety and effectiveness of Bextra and/or fraudulently or intentionally concealed material information regarding the drug and/or fraudulently or intentionally misrepresented adverse information regarding the safety and effectiveness of Bextra.

58. The Bextra Defendants' fraudulent or intentional misrepresentations were communicated to Plaintiff's and to Plaintiff's prescribing physicians with the intent that they reach the Plaintiffs.

59. The Bextra Defendants knew that their representations were false.

60. The Bextra Defendants made the fraudulent or intentional misrepresentations and/or

11

actively concealed information about the risks and efficacy of Bextra with the intention and specific desire that the Plaintiffs, the Plaintiff's prescribing physicians, dispensing entities, and the consuming public would rely on such false information in selecting treatment for pain and inflammation.

61. The Bextra Defendants intentionally concealed material, adverse information regarding the safety and effectiveness of their products.

62. The Bextra Defendants made these fraudulent or intentional misrepresentations and actively concealed adverse information at a time when the Bextra Defendants knew that Bextra had defects, serious side effects and dangers that were unknown to other dispensing entities, the FDA and the consuming public, including the Plaintiffs herein. Specifically, the Bextra Defendants fraudulently or intentionally misrepresented to and/or actively concealed from Plaintiff, Plaintiff's prescribing physicians or other dispensing entities, the FDA and the consuming public the following adverse information regarding the Bextra ingested by Plaintiffs:

   a. Failed to advise Plaintiffs, Plaintiff's prescribing physicians, and others that there were serious risks of serious skin reactions and thrombotic events associated with Bextra, and, instead, the Bextra Defendants aggressively marketed, promoted, advertised directly to consumers, and/or sold Bextra as if there was no risk; and

   b. Failed to advise Plaintiffs, Plaintiff's prescribing physicians, and others that prior studies, research, reports and/or testing had been conducted linking Bextra to serious adverse reactions.

   c. The fraudulent or intentional misrepresentations and/or active concealment by the Bextra Defendants were perpetuated directly and/or indirectly by the Bextra

Defendants and their employees, agents and/or other detail persons.

63. The fraudulent or intentional misrepresentations and/or concealment by the Bextra Defendants constitute and continuing tort.

64. Through the Bextra Defendants' product inserts, promotional materials, manipulation of science and the media, and aggressive marketing efforts, the Bextra Defendants continued to fraudulently or intentionally misrepresent the potential risks associated with Bextra.

65. The Bextra Defendants had a post-sale duty to warn Plaintiffs, consumers, and prescribing physicians of the risks of Bextra in their labeling, advertising, product inserts, promotional materials, direct-to-consumer advertising, and other marketing efforts.

66. The Bextra Defendants fraudulently or intentionally misrepresented the safety and efficacy of Bextra in their labeling, advertising, product inserts, promotional materials, direct-to-consumer advertising, or other marketing efforts.

67. Plaintiffs, Plaintiff's prescribing physicians, other dispensing entities, and the consuming public justifiably relied on and/or was induced by the fraudulent or intentional misrepresentations and/or active concealment by the Bextra Defendants to the detriment of the Plaintiffs.

68. As a direct and legal result of the fraudulent or intentional misrepresentations of and/or active concealment by the Bextra Defendants, Plaintiffs suffered serious injuries.

**WHEREFORE**, Plaintiffs demand judgment against the Bextra Defendants for damages, as well as all costs of this action and a trial by jury of all issues to be tried.

*Respectfully Submitted*,
**Parks & Crump, L.L.C.**
240 North Magnolia Drive
Tallahassee, Florida 32301
(850) 222-3333  Telephone
(850) 224-6679  Facsimile

FBN: 0015568

Daryl D. Parks, Esquire
FBN:  0054097

℗₂JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

4:07CV454-SPM/WCS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Betty Eutsey, Paula Griggs, Larry Perkins

## DEFENDANTS

Pharmacia Corporation, , G.D. Searle and Co., Monsanto Co., and Pfizer, Inc.

**(b)** County of Residence of First Listed Plaintiff    Gadsden
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    New York County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Daryl Ɔ. Parks, Esq. Parks Crump LLC, 240 N. Magnolia Drive, Tallahassee, Florida 32301 (850) 222-3333

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1   U.S. Government
          Plaintiff

☐ 3   Federal Question
          (U.S. Government Not a Party)

☒ 2   U.S. Government
          Defendant

☒ 4   Diversity
          (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☒ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN    (Place an "X" in One Box Only)

☐ 1  Original
         Proceeding

☐ 2  Removed from
         State Court

☐ 3  Remanded from
         Appellate Court

☐ 4  Reinstated or
         Reopened

☐ 5  Transferred from
         another district
         (specify)

☒ 6  Multidistrict
         Litigation

☐ 7  Appeal to District
         Judge from
         Magistrate
         Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1332(a)

Brief description of cause:
Plaintiffs' injuries were proximately caused by the ingestion of Bextra

## VII. REQUESTED IN    COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
    UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S)    IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
10-30-2007

SIGNATURE OF ATTORNEY OF RECORD

FBN: 0055168

FOR OFFICE USE ONLY

RECEIPT #  4-3192    AMOUNT  $350—    APPLYING IFP          JUDGE          MAG. JUDGE

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Richard W. Wieking
Clerk

450 Golden Gate Avenue
San Francisco, CA 94102
415.522.2000

December 11th, 2007

Northern District Court
111 North Adams Street
Tallahassee, FL 32301

Re:  MDL 05-1699 In re Bextra & Celebrex Marketing, Sales Practices & Product Liability Lit.

Title of Case(s)                                            Your Case Number(s)
Betty Eutsey, et al. -v- Pharmacia Corp., et al.            C.A. No. 4:07-454

Dear Clerk:

Enclosed is a certified copy of the order from the Judicial panel on Multidistrict Litigation transferring the above entitled action to the Northern District of California, San Francisco Division. The case has been assigned to the Honorable Charles R. Breyer for coordinated or consolidated pretrial processing pursuant to 28 USC §1407.

Please forward the original record and a certified copy of the docket entries in the case listed above along with the enclosed copy of this transmittal letter to:

United States District Court
Northern District of California
450 Golden Gate Avenue, P.O. Box 36060
San Francisco, CA 94102
Attn: Simone Voltz

If the case is an electronic case filing please do one of the following: 1) e-mail the PDF documents, as separate PDF files,   including a PDF copy of the docket sheet to Sfmdl_clerk@cand.uscourts.gov, 2) provide us with a temporary log in and a password to directly access your database and to expedite the downloading of the PDF files we need and/or require, or, if you prefer, on a disc. We appreciate your prompt attention to this matter.

OFFICE OF THE CLERK

Sincerely yours,
Richard W. Wieking, Clerk

By: Simone Voltz
Deputy Clerk

Encl.

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:           [202] 502-2888
http://www.jpml.uscourts.gov

December 6, 2007

Richard W. Wieking, Clerk
Phillip Burton U.S. Courthouse
Box 36060
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Re: MDL No. 1699 -- IN RE: Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation

(See Attached CTO-89)

Dear Mr. Wieking:

I am enclosing a certified copy and one additional copy of a conditional transfer order filed by the Panel in the above-captioned matter on November 20, 2007. As stipulated in Rule 7.4(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), transmittal of the order has been stayed 15 days to give any party an opportunity to oppose the transfer. The 15-day period has now elapsed, no opposition was received, and the order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _Dana L. Stewart_
Deputy Clerk

Attachment

cc:  Transferee Judge:     Judge Charles R. Breyer
     Transferor Judges:    Judge Stephan P. Mickle; Judge John R. Tunheim
     Transferor Clerks:    William M. McCool; Richard Sletten

JPML Form 36

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**A CERTIFIED TRUE COPY**

DEC - 6 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 20 2007

FILED
CLERK'S OFFICE

## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION

| | |
|---|---|
| Betty Eutsey, et al. v. Pharmacia Corp., et al., | ) |
| N.D. Florida, C.A. No. 4:07-454 | ) |
| Judith Johnson, etc. v. Pfizer Inc., et al., | ) |
| D. Minnesota, C.A. No. 0:07-4458 | ) |

MDL No. 1699

### CONDITIONAL TRANSFER ORDER (CTO-89)

On September 6, 2005, the Panel transferred 30 civil actions to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 391 F.Supp.2d 1377 (J.P.M.L. 2005). Since that time, 1,161 additional actions have been transferred to the Northern District of California. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Breyer.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of California and assigned to Judge Breyer.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of California for the reasons stated in the order of September 6, 2005, and, with the consent of that court, assigned to the Honorable Charles R. Breyer.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of California. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

DEC - 6 2007

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By
Deputy Clerk
Date 12-10-07

**IN RE: BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**                    MDL No. 1699

### INVOLVED COUNSEL LIST (CTO-89)

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
Embarcadero Center West, 30th Floor
275 Battery Street
San Francisco, CA 94111-3339

Brian A. Goldstein
CELLINO & BARNES PC
17 Court Street
7th Floor
Buffalo, NY 14202-3290

James C. MacGillis
TREPANIER & MACGILLIS PA
310 4th Avenue, South
Suite 8000
Minneapolis, MN 55415

Gregory A. Markel
CADWALADER WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281

Daryl Dion Parks
PARKS & CRUMP LLC
240 North Magnolia Drive
Tallahassee, FL 32301-2638

Amy W. Schulman
DLA PIPER US LLP
1251 Avenues of the Americas
27th Floor
New York, NY 10020-1104

OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

Floida Northeen Distect Court
U.S. Courthouse Annex, 3rd Floor
111 North Adams Street
Tallahassee, FL 32301

32301377 36 C001

CLERK_2, CLOSED, JYDMD

**CRB**

**U.S. District Court**
**Northern District of Florida (Tallahassee)**
**CIVIL DOCKET FOR CASE #: 4:07-cv-00454-SPM-WCS**

**4:08cv0124**

EUTSEY et al v. PHARMACIA
CORPORATION et al
Assigned to: JUDGE STEPHAN P MICKLE
Referred to: MAGISTRATE JUDGE
WILLIAM C SHERRILL, JR
Cause: 28:1332 Diversity-Product Liability

Date Filed: 11/02/2007
Date Terminated: 12/17/2007
Jury Demand: Plaintiff
Nature of Suit: 365 Personal
Inj. Prod. Liability
Jurisdiction: Diversity

## Plaintiff

**BETTY EUTSEY**

represented by **DARYL PARKS**
PARKS & CRUMP LLC -
TALLAHASSEE FL
240 N MAGNOLIA DR
TALLAHASSEE, FL 32301-
2638
850/224-6400
Fax: 224-6679
Email:
dparks@parkscrump.com
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

## Plaintiff

**PAULA GRIGGS**

represented by **DARYL PARKS**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

## Plaintiff

` **LARRY PERKINS**          represented by **DARYL PARKS**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

V.

**Defendant**

**PHARMACIA CORPORATION**

**Defendant**

**G D SEARLE AND CO**
*A SUBSIDIARY OF PHARMACIA*

**Defendant**

**MONSANTO COMPANY**
*PARENT COMPANY OF PHARMACIA*

**Defendant**

**PFIZER INC**

**Defendant**

**JOHN DOES A B C AND D**
*BEING THOSE PERSONS*
*FIRMS OR CORPORATIONS*
*WHOSE ACTIONS*
*INACTIONS FRAUDULENT*
*SUPRESSION FRAUD*
*SCHEME TO DEFRAUD*
*AND OR OTHER*
*WRONGFUL CONDUCT*
*CAUSED OR*
*CONTRIBUTED TO THE*
*PLAINTIFF'S INJURIES*

*AND DAMAGES AND*
*WHOSE TRUE NAMES AND*
*IDENTITIES ARE UNKNOW*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/30/2007 | 1 | COMPLAINT against MONSANTO COMPANY, PFIZER INC, JOHN DOES A B C AND D, PHARMACIA CORPORATION, G D SEARLE AND CO (Filing fee $350. Receipt # FLN 4-3192), filed by BETTY EUTSEY, PAULA GRIGGS, LARRY PERKINS. (llt) (Entered: 11/02/2007) |
| 10/30/2007 | 2 | CIVIL COVER SHEET. (llt) (Entered: 11/02/2007) |
| 12/10/2007 | 3 | NOTICE of the CONDITIONAL TRANSFER ORDER from San Francisco, CA (MDL No 1699) (pending arrival of the certified copy of Order) re 1 Complaint. (kdm) (Entered: 12/12/2007) |
| 12/17/2007 | 4 | NOTICE of CERTIFIED TRANSFER ORDER from San Francisco, CA (MDL No 1699) re 1 Complaint. (kdm) (Entered: 12/17/2007) |
| 12/17/2007 | 5 | Interdistrict Transfer to the NORTHERN DISTRICT OF CALIFORNIA PER 4 Certified Transfer Order. (kdm) (Entered: 12/17/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/21/2007 16:52:13 | | | |
| **PACER Login:** | ▬ | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:07-cv-00454-SPM-WCS |

| Billable Pages: | 2 | Cost: | 0.16 |
|---|---|---|---|